158 So. 624

## CITY OF NEW ORLEANS v. FORD.

No. 33130.

Jan. 7, 1935.

Richard A. Dowling, of New Orleans, for appellant.

E. M. Robbert, City Atty., and W. Sommer Benedict, Asst. City Atty., both of New Orleans, for appellee.

BRUNOT, Justice.

The defendant was charged with distributing circulars, without a permit, in violation of Ordinance No. 8080, C. C. S., of the city of New Orleans.

Section 1 of the ordinance specifies the offenses denounced by it, and section 2 thereof provides that upon each conviction the offending person shall be fined not exceeding $25, or imprisoned not exceeding 30 days, or both,

in the discretion of the court. In this case the accused was found guilty as charged, and was sentenced to pay a fine of $5, or to serve 30 days in jail. After conviction and sentence of the accused, his counsel filed the following demurrer:

"Now into Court, aided and assisted by his attorney, Richard A. Dowling, comes ——— who having previously withdrawn his plea of not guilty, now says to the Court.

"First. That he should not be compelled to plead or answer or stand trial in the above numbered and entitled cause for the reason that Ordinance No. 8080 Commission Council Series of New Orleans, is illegal, null and void and in contravention of the Constitution of Louisiana, Art. 1, and of the United States Amendment 14, in that it deprives persons of liberty without legal justification and without due process of law.

"Second. The enforcement of the ordinance is not uniform. The newspapers are allowed to distribute at will their papers. Majority Parties are likewise allowed to do so. Minority Parties are the only ones prosecuted for the violation of this Ordinance.

"Third. That your respondent makes the Ordinance a part of the answer herein the same as if written herein in full.

"Fourth. That the circular distributed herein was distributed from hand to hand and not in violation of the said ordinance; and further that said circular contained no advertising matter whatever, but was a circular involving a strike of Seamen and a conference of the Seamen's Union and did not come within the purview of the said Ordinance No. 8080."

The recorder and stenographer of the court both certify, in part, as follows:

"I hereby certify the foregoing to be a true and correct copy of the transcript, * * * except that the demurrer herein filed was filed after the trial and conviction and was not argued or presented to this court for consideration."

The demurrer was not filed in time and was not passed upon by the recorder; hence this is not a case where the constitutionality or legality of a municipal ordinance imposing a fine or penalty is in contest.

The appeal is dismissed.